```
                                          FILED by  PG  D.C.
UNITED STATES DISTRICT COURT              JAN 19 2016
SOUTHERN DISTRICT OF FLORIDA
                                          STEVEN M. LARIMORE
─────────────────────────────────X        CLERK U.S. DIST. CT.
                                          S. D. of FLA. - MIAMI
REGINALD GOUSSE,                  :

              Plaintiff,          :   Jury Trial Demanded

                                      16-cv-20216-Scola/Otazo-Reyes
       -against-                  :

                                  :

AMILI CHAMBERS,                   :

              Defendant.          :
─────────────────────────────────X
```

Plaintiff Reginald Gousse, for his complaint alleges:

## NATURE OF THE COMPLAINT

1. In this Complaint Plaintiff seeks damages out of Defendant's defamation and intentional infliction of emotional distress.

2. Defendant's actions have caused and continue to cause Plaintiff to suffer economic and non-economic damages he would have received from his fiancé for the balance of his natural life of incarceration including but not limited to financial assistance to retain a post-conviction criminal appeals attorney, telephone calls, visitations, conjugal visitations, food packages, clothing, hygiene and electronics packages, monies for commissary purchases, permanent harm to his personal reputation, severe mental anguish and emotional distress.

3. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff and his well-being so as to entitle him to an award of punitive damages, and an award of fees and costs incurred in this action.

## THE PARTIES

$.      Plaintiff Reginald Gousse, is a resident of the State of New York, domiciled at the Attica Correctional Facility, 639 Exchange Street, Attica, New York 14011.

5.      Upon information and belief, defendant Amili Chambers is a resident of the State of Florida, domiciled at 1 Alhambra Plaza, #1450, Coral Gables, Florida 33134.

## JURISDICTION AND VENUE

6.      The amount in controversy ($100,000.00 in compensatory damages and $150,000.00 in punitive damages for the claim of defamation; and 100,000.00 in compensatory damages and $150,000,00 in punitive damages for the claim of intentional infliction of emo emotional distress), exceeds the sum of Seventy-Five Thousand Dollars ($75,000,00), exclusive of interest and costs.

7.      Therefore, this Court has original jurisdiction under 28 U.S.C. §1332 by reason of the diverse citizenship of the parti parties.

8.      Upon information and belief, defendant Amili Chambers has engaged in defamation and intentional infliction of emotional distress that injured plaintiff.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTS

10.     Amili Chambers maintains a Facebook account identified by username "Amili Chambers."  On February 6,2015, Amili Chambers posted on his Facebook webpage the following statements:

Dear friend as of this posting I am in New York. Earlier I visited with an old friend whom I have not seen or have been in contact with since the summer of 2005. Unbenounced to me he is now an ordained minister at a church here in Westchester County New York. **We spoke at length regarding (Reginald Gousse), who was paroled after having been convicted and imprisoned for (child abuse and polygamy).** Mr.Gousse is now incarcerated for allegedly killing a bank manager by the name of (James Gottlieb) while impersonating a constable on Long Island. Mr.Gousse insist he is not guilty of the crime and I am inclined to believe him. This is so by reason of the fact that I was present at the scene of the crime. However as I have expressed to my friends I am morally conflicted in regards to speaking the truth regarding Mr.Gousse's innocence. I am seeking donations from the Facebook community to retain an attorney to help Mr.Gousse. So please feel free to post your thoughts and pledge for a Legal Defense Fund.  Thank you.

Yours truly,

Amili

(See Exhibit A).

11.     As a direct and proximate result of Defendant's Facebook posting of February 6,2015, Plaintiff received written communication dated April 26,2015 from his fiancé terminating their engagement to be married.  Further, advising that Plaintiff was to cease and desist any and all future correspondence with her daughter. (See also, Exhibit B).

-4-

## FIRST CLAIM FOR RELIEF

### (Defamation by Libel)

12. Plaintiff repeats the averments contained in paragraphs 1 through 11 inclusive as if fully set forth herein.

13. Defendant published defamatory statements about Plaintiff.

14. Specifically, the false assertions on Facebook that Plaintiff was a "convicted child abuser and polygamist."

15. The statements were untrue and defamatory made with an intent to harm Plaintiff's personal reputation.

16. Defendant published such defamatory statements with malice.

17. Defendant published such defamatory statements with knowledge of their falsity and/or with a reckless disregard for their truth or falsity.

18. Defendant's statements constitute defamation.

19. Defendant's defamatory statements have harmed Plaintiff's personal reputation and have caused him economic and non-economic harm in the form of financial assistance from his fiancé to retain a post-conviction criminal appeals attorney, telephone calls, visitations, conjugal visitations, food packages, clothing, hygiene and electronics packages, monies for commissary purchases, and have caused him embarassment, humiliation and emotional injury.

20. As a direct and proximate result of defendant's defamation, Plaintiff has suffered and continues to suffer from humiliation, loss of self-esteem, public esteem, public disgrace and severe emotional distress.

21.     As a direct and proximate result of defendant's conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

22.     Specifically, monetary and emotional support Plaintiff would have enjoyed from his fiancé for the balance of his natural life of incarceration including but not limited to financial assistance to retain a post-conviction criminal appeals attorney, telephone calls, visitations, conjugal visitations, food packages, clothing, hygiene and electronics packages, monies for commissary purchases, permanent harm to his personal reputation, severe mental anguish and emotional distress causing plaintiff to be medicated presently on anti-depresent medication administered by the New York State Office of Mental Health.

23.     Defendant's conduct was intentional, willful, wanton and malicious, and was motivated by a desire to harm Plaintiff and an ill-will toward Plaintiff and/or a deliberate or reckless disregard for his well-being, for which Plaintiff is entitled to an award of punitive damages.

### SECOND CLAIM FOR RELIEF

#### (Defamation by Libel Per Se)

24.     Plaintiff repeats the averments contained in paragraphs 1 through 23 inclusive as if fully set forth herein.

25.     Defendant published defamatory statements about Plaintiff.

26.     Specifically, the false assertions on Facebook that Plaintiff was a "convicted child abuser and polygamist."

27.     The statements were untrue and defamatory made with an intent to harm Plaintiff's personal reputation.

28.     Defendant published such defamatory statements with malice.

29.     Defendant published such defamatory statements with knowledge of their falsity and/or with a reckless disregard for their truth or falsity.

30.     Defendant's statements constitute defamation Per Se because defendant's statements impute the commission and conviction of serious crimes and/or unchastity to a woman to wit: Child Abuse and Polygamy. Further, impugn Plaintiff's honesty, trustworthiness and personal reputation.

31.     Defendant's defamatory statements have harmed Plaintiff's personal reputation and have caused him economic and non-economic harm in the form of financial assistance from his fiacé to retain a post-conviction criminal appeals attorney, telephone calls, visitations, conjugal visitations, food packages, clothing, hygiene and electronics packages, monies for commissary purchases, and have caused him embarassment, humiliation and emotional injury.

32.     As a direct and proximate result of defendant's defamation, Plaintiff has suffered and continues to suffer from humiliation, loss of self-esteem, public esteem, public disgrace and severe emotional distress.

33.     As a direct and proximate result of defendant's conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

34.     Specifically, monetary and emotional support Plaintiff would have received from his fiancé for the balance of his natural life of incarceration including but not limited to financial assistance to retain a post-conviction criminal appeals attorney, telephone calls, visitations, conjugal visitations, food packages, clothing, hygiene and electronics packages, monies for commissary purchases, permanent harm to his personal reputation, severe mental anguish and emotional distress causing plaintiff to be medicated presently on anti-depresent medication administered by the New York State Office of Mental Health.

35.     Defendant's conduct was intentional, willful, wanton and malicious, and was motivated by a desire to harm Plaintiff and an ill-will toward Plaintiff and/or a deliberate or reckless disregard for his well-being, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

36.     Plaintiff repeats the averments contained in paragraphs 1 through 35 inclusive as if fully set forth herein.

37.     Exclusive of defendant's defamatory Facebook postings of February 6,2015. Defendant's Facebook posting of February 6 2015 caused Plaintiff severe emotional distress.

38.     Specifically, defendant's assertions that (a) he was present at the scene of the crime for which Plaintiff stood convicted; (b) that he knew of Plaintiff's innocence but was "morally conflicted" to speak the truth; and (c) sought donations from Facebook friends and community to retain legal counsel purportedly on behalf of plaintiff.

39.     These statements constituted extreme and outrageous conduct causing Plaintiff severe emotional distress requiring anti-depresent medication prescribed by the New York State Office of Mental Health.

40.     Defendant knew or should have known that such statements would have caused severe emotional distress.

41.     Defendant published said statements with malice.

42.     Defendant published said statements with knowledge of their falsity and/or with a reckless disregard for their truth or falsity.

43.     As a direct and proximate result of Defendant's statements, Plaintiff has suffered and continues to suffer from severe emotional distress.

44.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

45.     Defendant's conduct was intentional, willful, wanton and malicious, and an ill-will toward Plaintiff and/or a deliberate or reckless disregard for his well-being, for which Plaintiff is entitled to an award of punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, containing the following relief:

A.  An award of damages plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

B.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff plus pre-judment interest;

C.  An award of punitive damages;

D.  An award of costs that Plaintiff has incurred in this action; and

E.  Such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 11th day of January, 2016.

Respectfully submitted,

*Reginald Gousse*
Reginald Gousse (06-A-2088)
Plaintiff Pro Se
Attica Correctional Facility
639 Exchange Street
Attica, New York 14011

I declare under the penalty of perjury that on this 11th day of January 2016, I am delivering this Complaint to prison authorities to mailed to the Pro Se Office of the United States District Court for the Southern District of Florida.

*Reginald Jousse*

D6-A-2088

EXHIBIT A

| Amili Chambers | Home |

Sponsored

GreenwichJewelers.com
www.greenwichjewelers.com
Rings for New Yorkers in Love: Designer engagement rings, wedding and commitment bands.

How NSF Clothing Can Ge...
www.JEANSTORIES.com
Fashion doesn't have to be this crazy, frantic environment. See how NSF Clothing is puttin...

Solange Goncalves commented on her own post

## Amili Chambers

[ Add Friend ]  [ Message ]

Timeline   About   Friends   Photos   More

**DO YOU KNOW AMILI?**

To see what he shares with friends, send him a friend request.   [ Add Friend ]

Works at IBM

Studied at LaGuardia Community College

1 friend

Became friends with Darlene Canteen

**FRIENDS · 1**



English (US) · Privacy · Terms · Cookies · More
Facebook © 2015

Born

**Amili Chambers**
February 6 ·

Dear friend as of this posting I am in New York. Earlier I visited with an old friend whom I have not seen or have been in contact with since the summer of 2005. Unbenounced to me he is now an ordained minister at a church here in Westchester County New York. We spoke at length regarding (Reginald Gousse), who was paroled after having been convicted and imprisoned for ( child abuse and polygamy). Mr .Gousse is now incarcerated for allegedly killing a bank manager by the name of (James Gottlieb) while impersonating a constable on Long Island. Mr Gousse insist he is not guilty of the crime and I am inclined to believe him. This is so by reason of the fact that I was present at the scene of the crime. However as I have expressed to my friends I am morally conflicted in regards to speaking the truth regarding Mr.Gousse's innocence. I am seeking donations from the Facebook community to retain an attorney to help Mr. Gousse. So please feel free to post your thoughts and pledge for a Legal Defense Fund. Thank you!

Yours truly,
Amili

Share

 **Amili Chambers**

Recent
Born

Turn on chat to see who's available.

Born

EXHIBIT *B*

Tamara Jenkins
146-19 230 Street
Springfield Gardens, NY. 11413

NEW YORK NY 100
27 APR 2015 PM 9 L

Mr. Reginald Gousse 06-A-2089
Attica Correctional Facility
639 Exchange Street
Attica, N.Y. 14011-0149

14011564799

Reggie,

I hope this letter finds you in good spirits. As for me & Erin, not so well. Frankly, I wish I had not done an internet search of this guy. But given that I did, it appears from his facebook posting dated Feb. 6, that you were not totally honest with me as a perquisite to our engagement.

I never knew of your convictions for child abuse & polygamy. Which I find disgusting. I am really disappointed in you, because you told me that you had withheld nothing from me & my family. Especially Erin. Whom I had to share this with because she saw how upset I was.

Reg, my mom doesn't want us to be together for obvious reasons. & frankly, neither do I. So I am returning to your mom your engagement ring. Moreover, I ask that you do not communicate with Erin. As a parent I have to protect my daughter from the potential of any form of abuse.

I wish you good luck!

Tamara

Ronald Louise
06245585
Attica Correctional Facility
639 Exchange Street
Attica, NY 14011-0149

Legal Mail

Hon. Steven M. Larimore
Court Administrator/Clerk of Court
United States District Court
Southern District of Florida
Miami, Florida 33128-7788

ATTICA
CORRECTIONAL FACILITY

$01.54

*Reginald [signature]*
*069-7083*